UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GUEVARA MORAN,<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-04891-DAD-AC<br><br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On June 25, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4).  In his petition for writ of *habeas corpus* petitioner states that he entered the United States in February 2006, that he was previously detained by ICE and released on bond, and that he was re-detained by ICE on May 21, 2026.  (Doc. No. 1 at 2, 9, 12.)

On June 26, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this

1

court has decided.  (Doc. No. 7.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 27, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Therein, respondents respectfully request that the court resolve the underlying *habeas* petition.  (*Id.* at 3.)  Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also argue that this case is distinguishable from those cited in the court's order (Doc. No. 7) because of petitioner's "criminal history." (Doc. No. 8 at 3.)  According to Deportation Officer Marrero's unsworn statement, petitioner was previously encountered by Enforcement and Removal Operations ("ERO"), issued a notice to appear for removal proceedings on October 29, 2024, and released on bond.[1]  (*Id.* at 8.)  According to petitioner's criminal history report, on January 15, 2026, he was charged with possession of controlled substance with intent to sell in violation of Florida Statute § 893.13(1)(a)(1)), and on March 30, 2026, was charged with felony littering in violation of Florida Statute § 403.413(6)(c)).  (*Id.* at 19–21.)  Both of these criminal charges have a disposition of *nolle prosequi* dated May 19, 2026, two days before petitioner was re-detained by ICE on May 21, 2026.  (*Id.*)  Notably, respondents have not provided evidence that petitioner has suffered any criminal convictions.

Absent a general statement that petitioner's criminal history distinguishes this case from those listed in the court's June 26, 2026 order (Doc. No. 7), respondents have not provided any argument in support of their contention that this case is distinguishable.  Still, respondents request

---

[1]  The court notes that petitioner was arrested five times prior to his release from immigration detention on bond in 2024.  (Doc. No. 8 at 16–18.)  However, his subsequent release on bond was a determination that these arrests did not render him a danger to the community or a flight risk preventing his release from detention.  *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025) ("As ICE was not authorized to release [petitioner] if she was a danger to the community or a flight risk, the Court must infer from [petitioner's] release that ICE determined she was neither.")

2

that the court order a bond hearing rather than immediate release in light of petitioner's criminal history if the court finds that § 1226(a) applies.  (Doc. No. 8 at 3–4.)  Respondents do not provide any further argument or citation to authority in support of this request.

In light of petitioner's prior release on bond, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release.

Further, the court is persuaded by the reasoning in *Osorto v. Warden of Mesa Verde Det. Facility*, where, as here, the respondents provided no evidence or argument that there was "the necessity of quick action" by ICE "such that petitioner could not have been provided a pre-deprivation hearing after he was released by local authorities." No. 1:26-cv-2915-DJC-JDP, 2026 WL 1224248, at *4–5 (E.D. Cal. May 5, 2026) (citing  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (post-deprivation process may satisfy due process where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process[]"), *report and recommendation adopted sub nom. Aguilar Osorto v. Warden of the Mesa Verde Det. Facility*, No. 1:26-cv-2915-DJC-JDP, 2026 WL 1330554 (E.D. Cal. May 13, 2026).  In addition, "courts have found that a pre-deprivation hearing is still required where the petitioner is initially arrested by local law enforcement and then transferred to ICE custody." *Id.* (citing *Adamchuk v. Casey*, No. 3:26-cv-1149-RBM-VET, 2026 WL 785532, at *1–2 (S.D. Cal. Mar. 20, 2026).

Based on the foregoing, the court concludes that petitioner's re-detention absent pre-deprivation notice and an opportunity to be heard violated due process.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.      Respondents are ORDERED to immediately release petitioner Andres Guevara Moran, A-File No. 220-998-970, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on May 21, 2026;

3

       b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2.    Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.    Petitioner's motions for a temporary restraining order (Doc. No. 3) and to appoint counsel (Doc. No. 4) are hereby DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

4.    The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

5.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **June 30, 2026**            _Dale A. Drozd_

                               DALE A. DROZD
                               UNITED STATES DISTRICT JUDGE